UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHERI K. KELLY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:19-cv-033-PPS |
|  | ) |  |
| ANDREW M. SAUL, | ) |  |
| Commissioner of | ) |  |
| Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Cheri Kelly has appealed from an administrative law judge's denial of her application for Social Security supplemental security income. In doing so, she claims that the ALJ committed four errors which require a reversal of his decision, but I will limit my discussion to one: whether the ALJ erred in failing to account for Kelly's moderate limitations in concentrating, persisting, and maintaining pace. Because I find that the ALJ erred in failing to account for all of Kelly's mental limitations, I will REVERSE the ALJ's decision and REMAND on this issue.

**Background**

Cheri Kelly applied for supplemental security income on December 17, 2015, claiming that as of November 5, 2009, she was disabled. [A.R.[1] 12.] Her claim was denied initially and denied again upon reconsideration. After that, she requested and

---

[1] The Administrative Record (A.R.) in this case is found at Docket Entry # 12. Citations are to the page number in the lower right-hand corner of the A.R.

had a hearing before an Administrative Law Judge who later denied her benefits in a written decision for which Kelly now seeks review.

In the written decision, the ALJ determined that Kelly had the severe impairments of major depressive disorder, post-traumatic stress disorder (PTSD), social anxiety disorder, and bulimia. [A.R. 14.] The ALJ also found that Kelly had a variety of nonsevere impairments including anemia, scoliosis, history of pyelonephritis, hepatitis C, and a history of bunionectomy of the left foot. [A.R. 15.] The ALJ then determined that Kelly did not meet any of the applicable social security listings for disability. Specifically, the ALJ examined listings 12.04 (depressive, bipolar and related disorders) and 12.06 (anxiety and obsessive-compulsive disorders) and found that she did not meet or equal the requirements for those listings.

The ALJ next moved on to consider Kelly's residual functional capacity (RFC) which is defined as the work Kelly is capable of doing while taking into account her impairments. The ALJ determined that Kelly was capable of performing a full range of work at all exertional levels subject to a range of nonexertional limitations. Those limitations were: performing simple, routine, and repetitive tasks; making simple work-related decisions; occasional interaction with supervisors and coworkers, and no interaction with the public; and tolerating occasional changes in a routine work setting. [A.R. 19.] The ALJ based this RFC upon his review of Kelly's testimony and submitted evidence, which he labeled as consideration of the symptoms, objective medical evidence, and opinion evidence. [*Id.*] I won't repeat the ALJ's description of the medical

evidence, as it is included in the ALJ's written decision. [*See* A.R. 19–23.]

The ALJ then presented the RFC and some additional hypothetical questions to a vocational expert (VE) who testified whether such a hypothetical person with Kelly's RFC could likely find gainful employment. The ALJ determined that Kelly was unable to perform her past relevant work as a Medical Receptionist either as actually performed or as generally performed. [A.R. 24.] However, he found that she could perform the jobs of Dishwasher, Warehouse Worker, and Hand Packager, all of which exist in sufficient numbers in the national economy. [A.R. 25.] As a result, the ALJ found that Kelly was not disabled within the meaning of the Social Security Act and its regulations.

## Discussion

In a Social Security disability appeal, my role as district court judge is limited. I do not review evidence and determine whether a claimant is disabled and entitled to benefits. Instead, I review the ALJ's written decision to determine whether the ALJ applied the correct legal standards and whether the decision's factual determinations are supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). If substantial evidence supports the ALJ's factual findings, they are conclusive. *Id.*; 42 U.S.C. §405(g). The Supreme Court has said that "substantial evidence" means more than a "scintilla" of evidence, but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362

F.3d 995, 1001 (7th Cir. 2004). My review is guided by the principle that while "[t]he ALJ is not required to address every piece of evidence or testimony presented, [he or she] must provide a 'logical bridge' between the evidence and the conclusions so that [I] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Given this modest standard, the review is a light one, but of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)).

Kelly argues that the ALJ failed to account for her moderate limitations in concentrating, persisting, or maintaining pace both in the RFC and in the hypotheticals to the VE. [DE 16 at 13.] At Step Three, the ALJ found that Kelly had moderate limitations in concentrating, persisting, or maintaining pace. [A.R. 17.] This finding was made during the ALJ's consideration of whether Kelly meets the prescribed criteria of disability listings for Mental Disorders 12.04 (Depressive, bipolar and related disorders) and 12.06 (Anxiety and obsessive-compulsive disorders). Concentration, persistence and pace are factors addressed in paragraph B of each of these listings. The ALJ relied on the opinions of the state agency psychological consultants, who found that Kelly had moderate difficulties in maintaining concentration, persistence, or pace, and would

have moderate limitation in the ability to carry out very short and simple instructions and in the ability to maintain attention and concentration for extended periods. [A.R. 17.] The ALJ then addressed Kelly's mental capacities in the RFC by limiting her to the following:

> she is limited to performing simple, routine, and repetitive tasks. She is limited to making simple work-related decisions. She is limited to occasional interaction with supervisors and coworkers, and no interaction with the public. She is limited to tolerating occasional changes in a routine work setting.

[A.R. 19.]

Relying on several Seventh Circuit Court of Appeals decisions, Kelly argues that this RFC, and the corresponding hypothetical posed to the VE, did not capture the extent of her limitations with respect to concentrating, persisting, and maintaining pace. She contends "[t]he ALJ's hypothetical and RFC do not account for limitations in concentration, persistence, and pace." [DE 16 at 13.]

The Seventh Circuit case, *Varga v. Colvin*, 794 F.3d 809 (7th Cir. 2015), involved similar circumstances. There, the Court of Appeals concluded that the ALJ's failure to include the claimant's limitations in concentration, persistence, and pace in the hypothetical question was a fatal flaw that required reversal of the conclusion that the claimant was not disabled. *Id.* at 814. The Seventh Circuit has held that "both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014), quoted in *Varga*, 794 F.3d at 813. Although *Varga* holds that the exact

terms "concentration, persistence and pace" are not required, the Court said: "we have repeatedly rejected the notion that a hypothetical like the one here 'confining the claimant to simple, routine tasks and limited interactions with others adequately captures … limitations in concentration, persistence, and pace.'" *Varga*, 794 F.3d at 814 (quoting *Yurt*, 758 F.3d at 858-59)).

The ALJ relied upon the opinions of the state agency psychologists, Drs. Johnson and Gange, who found that Kelly had moderate difficulties in maintaining concentration, persistence, or pace. [A.R. 17.] The state agency psychologists further opined that Kelly would be moderately limited in the following areas:

- The ability to understand and remember detailed instructions;
- The ability to carry out detailed instructions;
- The ability to maintain attention and concentration for extended periods;
- The ability to interact appropriately with the general public;
- The ability to accept instructions and respond appropriately to criticism from supervisors;
- The ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and
- The ability to respond appropriately to changes in the work setting.

[A.R. 95-97, 108-110.] In the narrative discussion, the state agency physicians found that within the parameters of brief, superficial interactions with all people, and in the context of performing simple, routine, repetitive, concrete, tangible tasks, Kelly would be able to "sustain attention and concentration skills to carry out work like tasks with

reasonable pace and persistence." [A.R. 97, 110.] However, the ALJ fails to include any limitations or explanation as to what a "reasonable pace and persistence" would entail.

While the ALJ and the state agency physicians whom the ALJ relied upon found that Kelly would be limited to simple, routine, and repetitive tasks, the state physicians also opined that Kelly would be limited in her ability to maintain attention and concentration for extended periods. This ability to maintain attention and concentration was not addressed in the RFC. "The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O-Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010). "Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's [mental] condition may make performance of an unskilled job as difficult as an objectively more demanding job." SSR 85-15, 1985 WL 56857, at *6. An RFC that limits a claimant to unskilled work "by itself does not provide any information about [the claimant's] mental condition or abilities." *Yurt*, 758 F.3d at 858 (quotation omitted).

Here, although Kelly had moderate limitations in her ability to maintain attention and concentration for extended periods of time, the ALJ failed to address this limitation in the RFC. The RFC here was similar to *Varga* and merely limited Kelly to unskilled work with limited interaction with others. This does not fully explain her moderate difficulties in concentrating, persisting, or maintaining pace. This error requires remand.

On remand, the ALJ should reevaluate Kelly's mental limitations and properly account for her moderate limitations in concentrating, persisting, and maintaining pace in the RFC and the hypotheticals to the VE. Because I am remanding this case for the reasons stated above, I need not discuss the remaining issues raised by Kelly. She can raise those issues directly with the ALJ on remand.

**Conclusion**

For the foregoing reasons, the decision of the ALJ denying Cheri Kelly's application for Social Security disability benefits is REVERSED and REMANDED for further proceedings consistent with this opinion.

SO ORDERED.

ENTERED: January 21, 2020

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT